UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GOVERNMENT EMPLOYEES
INSURANCE CO., GEICO INDEMNITY
CO., GEICO GENERAL INSURANCE
COMPANY and GEICO CASUALTY CO.,

    Plaintiffs,

v.                                          Case No: 6:16-cv-2077-Orl-28TBS

CLEAR VISION WINDSHIELD REPAIR,
L.L.C., MY CLEAR VIEW WINDSHIELD
REPAIR, INC., DOUGLAS STROH,
CENTRAL FLORIDA WINDSHIELD
REPAIR, L.L.C., LIZZETTE LABELL,
TRAVIS LABELL, J.C. WINDSHIELD
REPAIR, L.L.C., JEAN CAROUSSO,
GDB INDUSTRIES, L.L.C., GREGORY A.
BECHTOLD and JOHN DOE
DEFENDANTS 1-10,

    Defendants.

## ORDER

Pending before the Court is Defendants' Motion to Compel (Doc. 65). Defendants Clear Vision Windshield Repair, LLC, My Clear View Windshield Repair, Inc., and Central Florida Windshield Repair, LLC (collectively "Movants"), seek an order overruling Plaintiffs, Government Employees Insurance Co., Geico Indemnity Co., Geico General Insurance Company and Geico Casualty Co.'s (collectively "GEICO"), objections and compelling Plaintiffs to provide sworn answers to four interrogatories. GEICO has filed a response to the motion (Doc. 68).

Also pending is Plaintiffs' Motion and Supporting Memorandum for Entry of a Confidentiality Order (Doc. 66). GEICO proposes that the Court enter an "umbrella"

confidentiality order that would protect documents disclosed in discovery and designated in good faith by the producing party as confidential. Defendants have filed their response to this motion (Doc.69).

Following its initial review of the motions, the Court ordered GEICO to submit one representative claims file and one representative investigative file for *in camera* review (Doc. 71), and GEICO complied. Now, for the reasons set forth herein, the motion to compel is **DENIED without prejudice**, and the Court will enter a Confidentiality Order.

## Background

The GEICO entities allege that they are the victims of an ongoing fraudulent windshield repair/replacement insurance billing scheme operated by Defendants (Doc. 1). Based on claims of civil RICO violations, common law fraud, violation of the Florida Deceptive and Unfair Trade Practices Act, violation of the Florida Civil Remedies for Criminal Practices Act, and unjust enrichment, GEICO seeks damages allegedly suffered due to the "fraudulent claims" (Doc. 1, ¶¶ 129, *et seq.*) as well as a declaratory judgment with respect to pending claims (Id.). Defendants dispute GEICO's characterization of their business practices, deny any wrongdoing, and contend that they are entitled to collect on outstanding invoices they have submitted to GEICO which have not been paid. See Docs. 18-20, 51, 70. Defendants have counterclaimed for damages and other relief based upon GEICO's alleged breach of contract and violations of the Texas Insurance Code, and for a declaratory judgment regarding certain insurance policy language (Doc. 70).

The motion to compel concerns certain interrogatories served by Movants on the GEICO entities. The interrogatories in question are numbered three, four, five, and

fourteen/fifteen.[1] The interrogatories and Plaintiffs' responses are as follows:

Interrogatory No. 3
State the following for each claim that you are alleging was submitted to you by this Defendant with a forged signature of the insured on the assignment:
a. the name of the person(s) whose signature was forged;
b. the date of service and invoice number on the invoice;
c. the location of the repairs stated on the invoice;
d. when you were notified that the signature was a forgery;
e. the factual basis for your contention that the signature is a forgery; and,
f. identify each document that supports this contention.

RESPONSE: GEICO objects to this Interrogatory on the ground that it is premature, it is in the nature of a contention interrogatory, and improperly requires GEICO to exhaustively state facts prior to the completion of discovery. GEICO further objects to this Interrogatory on the ground that it is vague, overly broad and unduly burdensome, because it improperly seeks to discover information protected by the attorney-client privilege and/or work product doctrine and seeks to discover information that constitutes material prepared in anticipation of litigation.

Subject to and without waiving these objections, GEICO responds that the relevant, non-privileged information sought through this Interrogatory may be discerned from a review of the Complaint in this action, the invoices and/or work orders submitted by the Defendants, GEICO's claims files, and GEICO's investigative files, and the burden of reviewing those materials to ascertain or derive an answer to this Interrogatory will be substantially the same for GEICO and for the Defendants. Accordingly, pursuant to Fed. R. Civ. P. 33(d), GEICO will produce those materials on a date and time to be arranged with Defendants' counsel.

Interrogatory No. 4
State the following for each claim that you are alleging was submitted to you by this Defendant wherein the insured did not authorize the repairs in question to be performed:
a. the name of the Insured;
b. the date of service and invoice number on the invoice;
c. the location of the repairs stated on the invoice;
d. the name of the person that informed you the repairs were not authorized by the insured;
e. the factual basis for your contention that the repairs in question were not

---

[1] The first three interrogatories Windshield Repair moves to compel are the same number and are identical in each set of interrogatories. The fourth interrogatory is identical in every set but two: Central Florida Windshield's interrogatories to GEICO General and Clear Vision's interrogatories to Government Employees Insurance Co. The interrogatory appears as either Interrogatory Number 14 or Interrogatory Number 15, depending on who served it and who received it. The responses and objections are identical for each GEICO entity.

authorized; and,
f. identify each document that supports this contention.

RESPONSE: GEICO objects to this Interrogatory on the ground that it is premature, it is in the nature of a contention interrogatory, and improperly requires GEICO to exhaustively state facts prior to the completion of discovery. GEICO further objects to this Interrogatory on the ground that it is vague, overly broad and unduly burdensome, because it improperly seeks to discover information protected by the attorney-client privilege and/or work product doctrine and seeks to discover information that constitutes material prepared in anticipation of litigation.

Subject to and without waiving these objections, GEICO responds that the relevant, non-privileged information sought through this Interrogatory may be discerned from a review of the Complaint in this action, the invoices and/or work orders submitted by the Defendants, GEICO's claims files, and GEICO's investigative files, and the burden of reviewing those materials to ascertain or derive an answer to this Interrogatory will be substantially the same for GEICO and for the Defendants. Accordingly, pursuant to Fed. R. Civ. P. 33(d), GEICO will produce those materials on a date and time to be arranged with Defendants' counsel.

Interrogatory No. 5
State the following for each claim that you are alleging was submitted to you by this Defendant wherein the repairs invoiced by a Defendant were not actually performed:
a. the name of the Insured;
b. the date of service and invoice number on the invoice;
c. the location of the repairs stated on the invoice;
d. the name of the person that informed you the repairs were not performed at that time;
e. the factual basis for your contention that the repairs were not performed; and,
f. identify each document that supports this contention.

RESPONSE: GEICO objects to this Interrogatory on the ground that it is premature, it is in the nature of a contention interrogatory, and improperly requires GEICO to exhaustively state facts prior to the completion of discovery. GEICO further objects to this Interrogatory on the ground that it is vague, overly broad and unduly burdensome, because it improperly seeks to discover information protected by the attorney-client privilege and/or work product doctrine and seeks to discover information that constitutes material prepared in anticipation of litigation.

Subject to and without waiving these objections, GEICO responds that the relevant, non-privileged information sought through this Interrogatory may be discerned from a review of the Complaint in this action, the invoices

and/or work orders submitted by the Defendants, GEICO's claims files, and GEICO's investigative files, and the burden of reviewing those materials to ascertain or derive an answer to this Interrogatory will be substantially the same for GEICO and for the Defendants. Accordingly, pursuant to Fed. R. Civ. P. 33(d), GEICO will produce those materials on a date and time to be arranged with Defendants' counsel.

Interrogatory No. 14/15
With regard to each claim that you have included in Exhibits 1 and 2 to Plaintiff's Complaint as a fraudulent claim, please state:
a. the date of loss;
b. the date of service;
c. the licensee, contractor, employee, representative, or agent that performed the repairs;
d. the insured's name;
e. the invoice number, and,
f. the basis for claiming the claim is a fraudulent claim (e.g. insured's signature was forged, insured did not authorize repairs, repairs were not performed as billed, liquid had no reparative value).

RESPONSE: GEICO objects to this Interrogatory on the ground that it is premature, it is in the nature of a contention interrogatory, and improperly requires GEICO to exhaustively state facts prior to the completion of discovery. GEICO further objects to this Interrogatory on the ground that it is vague, overly broad and unduly burdensome, because it improperly seeks to discover information protected by the attorney-client privilege and/or work product doctrine and seeks to discover information that constitutes material prepared in anticipation of litigation.

Subject to and without waiving these objections, GEICO responds that the relevant, non-privileged information sought through this Interrogatory may be discerned from a review of the Complaint in this action, the invoices and/or work orders submitted by the Defendants, GEICO's claims files, and GEICO's investigative files, and the burden of reviewing those materials to ascertain or derive an answer to this Interrogatory will be substantially the same for GEICO and for the Defendants. Accordingly, pursuant to Fed. R. Civ. P. 33(d), GEICO will produce those materials on a date and time to be arranged with Defendants' counsel.

## Discussion

Motion to Compel

A party may file a motion to compel against another party who fails to answer an interrogatory submitted under Rule 33 or fails to produce documents or permit inspection

- 5 -

of documents within its possession, control, or custody. See FED. R. CIV. P. 34(a)(1), FED. R. CIV. P. 37(a)(3)(B)(iii) and (iv); Bloodworth v. United States, 623 F. App'x 976, 979 (11th Cir. 2015). Movants deem GEICO's responses to these interrogatories to be insufficient. Movants urge the Court to overrule GEICO's objections and compel GEICO to provide complete, sworn responses as: (1) conclusory boilerplate objections are not permitted; (2) the use of qualifying language in an objection ("subject to") waives the objection; (3) the interrogatories are not premature contention interrogatories; and (4) production of redacted parts of 3,000 claim files is not a substitute for sworn interrogatory answers. The Court agrees that some of GEICO's objections raised are not tenable. But, after reviewing samples of the files GEICO proposes to produce in response to the interrogatories, the Court finds that an order compelling additional answers or responses is premature.

*Conclusory Boilerplate Objections*

In their responses to each of the subject interrogatories, the GEICO entities assert an objection "on the ground that it is vague, overly broad and unduly burdensome, because it improperly seeks to discover information protected by the attorney-client privilege and/or work product doctrine and seeks to discover information that constitutes material prepared in anticipation of litigation." Citing this Court's decision in Nationwide Mut. Fire Ins. Co. v. Kelt, Inc., No. 6:14-CV-749-ORL-41, 2015 WL 1470971 (M.D. Fla. Mar. 31, 2015), Movants argue that "[p]arties are not permitted to assert these types of conclusory, boilerplate objections that fail to explain the precise grounds that make the request objectionable." Id. at *3. GEICO contends that the objection is not conclusory in that they have explained why the interrogatories are overly broad and unduly burdensome – namely, because the interrogatories are "premature, in the nature of a

- 6 -

contention interrogatory, and improperly require[] GEICO to exhaustively state facts prior to the completion of discovery" (Doc. 68 at 17-18).

GEICO's explanation is inconsistent with the objection itself, which states that the interrogatories are vague, overly broad and burdensome "**because** it improperly seeks to discover information protected by ... privilege." The Court agrees with Movants that an assertion that an interrogatory seeks information that is privileged has no obviously discernable connection with a vagueness objection. Moreover, the objections of vagueness, overbreadth and burden are asserted separately as "further" objections, and are different in character and kind from an assertion that an interrogatory is premature. GEICO's vagueness objection is, therefore, **OVERRULED.** To the extent the objection purports to assert various privileges, it is specific enough for present purposes, as further discussed below.

*Qualifying language*

Movants object to the use of the qualifier "subject to and without waiving these objections" in each of the interrogatory answers. Courts, including this one, have explained that producing documents "notwithstanding" objections "preserves nothing and wastes the time and resources of the parties and the court." Nationwide, at *4, quoting Martin v. Zale Del., Inc., 2008 WL 5255555, * 2 (M.D. Fla. Dec.25, 2008) and citing Chambers v. Sygma Network, Inc., No. 6:12-cv-1802-Orl-37TBS, 2013 WL 1775046, at *3 (M.D. Fla. Apr.25, 2013); Pepperwood of Naples Condominium Ass'n., Inc. v. Nationwide Mutual Fire Ins. Co., No. 2:10-cv-753-FtM-36SPC, 2011 WL 3841557, at *2 (M.D.Fla. Aug.29, 2011); Guzman v. Irmadan, Inc., 249 F.R.D. 399, 401 (S.D.Fla.2008); Howard v. Sweetheart Cup Co., No. 00 C 648, 2001 WL 721765, at *3 (N.D. Ill. June 27, 2001). GEICO argues that Movants failed to properly meet and confer on this issue and, if they

had, "GEICO would have offered to amend its responses to withdraw its offer to produce documents pursuant to Rule 33(d), and to otherwise stand on its objections." (Doc. 68 at 19). The Court agrees with Movants that the qualifying language is not appropriate, but disagrees with the suggested remedy, as explained further below.

*Premature contention Interrogatories*

Movants argue that the interrogatories are not, as GEICO asserts, premature contention interrogatories. The Court disagrees. "'Contention' interrogatories are interrogatories that seek to clarify the basis for or scope of an adversary's legal claims." Eller v. Liberty Cnty. Ga., 2010 WL 2402770 at * 1 (S.D. Ga. Jun. 14, 2011) (quoting Starcher v. Corr. Med. Sys., Inc., 144 F.3d 418, 421 (6th Cir. 1998)). The interrogatories at issue fall clearly within that description. As for the appropriateness of the discovery, The Middle District Discovery Handbook explains:

> Interrogatories that generally require the responding party to state the basis of particular claims, defenses, or contentions in pleadings or other documents should be used sparingly and, if used, should be designed (1) to target claims, defenses, or contentions that the propounding attorney reasonably suspects may be the proper subject of early dismissal or resolution or (2) to identify and narrow the scope of unclear claims, defenses, and contentions. *Interrogatories that purport to require a detailed narrative of the opposing parties' case are generally improper because they are overbroad and oppressive*.

Middle District Discovery (2015) at p. 17 (emphasis added). GEICO has filed a detailed complaint and agreed to produce "the invoices and/or work orders submitted by the Defendants, GEICO's claims files, and GEICO's investigative files," containing all of the requested information. I have reviewed a sample of these files produced *in camera* and find that they contain much of the detailed information sought by Movants. Thus, there is no showing that more detailed answers to these interrogatories are necessary *at this*

*point*. See, e.g., Oliver v. City of Orlando, No. 606CV-1671-ORL-31DAB, 2007 WL 3232227, at *3-4 (M.D. Fla. Oct. 31, 2007) (denying a motion to compel answers to contention interrogatories where the movant had made no showing as to how the requested responses would either target issues subject to early dismissal or identify and narrow unclear claims or defenses); Koster v. Landmark Am. Ins. Co., No. 5:14-CV-689-OC-37PRL, 2016 WL 3014605, at *4 (M.D. Fla. May 20, 2016) (same). If, after reviewing GEICO's files, Movants can show that they still need information as to specific issues, they may follow-up with more focused discovery.

*Production in lieu of response*

Pursuant to Fed. R. Civ. P. 33(d):

> **(d) Option to Produce Business Records.** If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> **(1)** specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>
> **(2)** giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

FED. R. CIV. P. 33(d) (2017). The GEICO entities have offered (subject to the execution of a confidentiality agreement) to produce their invoices, work orders, claims files and investigative files, arguing that the burden of reviewing those materials to ascertain or derive answers to the interrogatories will be substantially the same for them and Movants. Movants argue that GEICO's "go look yourself" offer is "wholly insufficient" as Movants "are still unable to determine with certainty which invoices GEICO is contending are

fraudulent" and GEICO should be required to answer under oath (Doc. 62 at 13-14).

At this stage of discovery, GEICO is entitled to produce records in lieu of providing the detailed answers sought by Movants with respect to every claimed fraudulent invoice. The Court is also persuaded that the scope of the production must enable these Movants to determine which invoices are being challenged by GEICO and should not be a search for the proverbial needle in a haystack of unrelated documents. The Court will allow production in lieu of sworn answers on the condition that GEICO's production will include only those files relating to allegedly fraudulent claims. On this basis, the motion to compel is **denied.**

### Motion for Entry of Confidentiality Order

GEICO maintains that the information currently at issue contains personally identifying information regarding insureds, as well as GEICO's proprietary information and confidential operational procedures, all of which should be protected from inappropriate disclosure by virtue of a proposed confidentiality order. Defendants counter that there is nothing confidential about the insureds' information, as they already have it and used it in the filing of the invoices at issue. They maintain that they will be prejudiced if they are restricted from using their existing client database of customers that are GEICO's insureds for any purpose other than in the litigation, as they need to use the invoices and work orders in their business operations. They also object that the confidentiality order proposed by GEICO is otherwise overbroad.

Both sides acknowledge that the moving party must establish "good cause" for entry of a confidentiality order. See FED. R. CIV. P. 26(C)(1). "The Court must evaluate and balance the interests of the parties and non-parties concerning dissemination of discovery material against the public's interest in gaining access to the information."

Howard v. Hartford Life & Acc. Ins. Co., 2011 WL 2746347, at *1 (M.D. Fla. 2011) (citing In re Alexander Grant & Co. Litigation, 820 F.2d 352, 355-57 (11th Cir. 1987)). In determining whether good cause exists, the Court evaluates four factors: ""[1] the severity and the likelihood of the perceived harm; [2] the precision with which the order is drawn; [3] the availability of a less onerous alternative; and [4] the duration of the order." In re Alexander Grant & Co., 820 F. 2d at 356, quoting Kleiner v. First National Bank of Atlanta, *751* F. 2d 1193, 1205 (11th Cir. 1985).

With respect to the first factor, the insureds are non-parties and GEICO has a clear interest in protecting their personal information from general disclosure. GEICO has agreed to produce claims files and internal materials, "a substantial percentage of which includes confidential and proprietary information, including internal activity logs and investigative files, which contain information regarding GEICO's internal operations, procedures, and employees." (Doc. 66 at 7). Upon review of the sample files provided, the Court finds that they do contain the sensitive information usually found to be worthy of protection. The Court is also inclined to agree that redaction is a prohibitively expensive alternative, in view of the number of claims and documents at issue. On the other hand, the GEICO's proposed confidentiality order has no expiration date (see "Duration of Order" – Doc. 66-1, ¶13) and purports to apply retroactively, which would foreclose any *legitimate* business use of information Defendants already have obtained from non-Plaintiff sources prior to this litigation (see Doc. 66-1, ¶4: "The terms of this Order shall apply both retroactively and prospectively to all material produced and designated as "CONFIDENTIAL" in this case, whether the material was designated as "CONFIDENTIAL" before the entry of this Order, or after the entry of this Order.") Upon consideration, the Court finds that a confidentiality order is appropriate here, and that

Defendants' concerns can be addressed by altering the language of the proposed order to clarify that it applies prospectively, and not to information already disclosed and in the parties' possession.[2]

Now, the motion to enter a confidentiality order is **granted, in part.** A separate Confidentiality Order shall issue. Upon entry of the Order, the Court expects the GEICO entities to abide by their representation that they will produce the claim and investigative files to Defendants without undue delay.

**DONE** and **ORDERED** in Orlando, Florida on April 24, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record

---

[2] The other concerns raised by Defendants are without merit.