UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GOVERNMENT EMPLOYEES
INSURANCE CO., GEICO INDEMNITY
CO., GEICO GENERAL INSURANCE
COMPANY and GEICO CASUALTY CO.,

    Plaintiffs,

v.    Case No:   6:16-cv-2077-Orl-28TBS

CLEAR VISION WINDSHIELD REPAIR,
L.L.C., MY CLEAR VIEW WINDSHIELD
REPAIR, INC., DOUGLAS STROH,
CENTRAL FLORIDA WINDSHIELD
REPAIR, L.L.C., LIZZETTE LABELL,
TRAVIS LABELL, J.C. WINDSHIELD
REPAIR, L.L.C., JEAN CAROUSSO,
GDB INDUSTRIES, L.L.C., GREGORY A.
BECHTOLD and JOHN DOE
DEFENDANTS 1-10,

    Defendants.

## ORDER

    This case comes before the Court without oral argument on Plaintiffs' Motion and Supporting Memorandum to Compel Production of Documents (Doc. 81). Defendants have filed a response in opposition to the motion (Doc. 82).

    Plaintiffs sell automobile insurance in the state of Florida (Doc. 1, ¶ 12). Defendants provide windshield repair services in Florida (Id., ¶¶ 2, 5). According to Plaintiffs, Defendants have established relationships with Florida car dealerships to gain access to the customers who visit those dealerships (Id., ¶ 5). Plaintiffs complain that Defendants use unlawful methods to obtain signatures and insurance information from the car dealership customers (Id.). Then, Defendants allegedly use this information to

create and submit fraudulent claims for windshield repairs to Plaintiffs (Id.). Defendants deny Plaintiffs' allegations of wrongdoing, and counter that Plaintiffs have failed to pay for windshield repairs, and are engaged in a campaign to defame Defendants (Doc. 77). Although some, if not all, of the parties appear to operate in more than one state, this controversy is founded on events that allegedly occurred in Florida (Docs. 1, 77).

Plaintiffs seek an order compelling certain Defendants to provide better responses to four requests for production (Doc. 81). The Federal Rules of Civil Procedure provide a procedure whereby Parties can request the production of documents and electronically stored information for inspection and copying. FED. R. CIV. P. 34(1)(a). Requests for production "must describe with reasonable particularity each item or category of items to be inspected." FED. R. CIV. P. 34(b)(1)(A). A party objecting to a request for production must: (1) "state with specificity the grounds for objecting to the request, including the reasons;" (2) "state whether any responsive materials are being withheld on the basis of that objection;" and (3) "[a]n objection to part of a request must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(b)(2)(B) and (C).

Plaintiffs asked Defendants Douglas Stroh, My Clear View Windshield Repair, Inc. and Clear Vision Windshield Repairs, LLC (the "Stroh Entities") to produce:

> All documents relating to or reflecting any payments exchanged between You and any person and/or entity responsible for or involved with the preparation of bills, invoices, and/or claims submitted to GEICO through Clear Vision.

The Stroh Entities responded:

> Defendant objects to this request as it is vague. Defendant is the entity responsible for the preparation of bills, invoices, or claims to GEICO. As such there could be no "exchange." Defendant would further object that such request seeks information that is not relevant in that it is not reasonably

- 2 -

> calculated to lead to admissible evidence. This request
> requires production of Defendant's payroll records to its
> employees and staff. The employees of Defendant are not
> parties to this litigation. Although the staff may be involved with
> the preparation of the paperwork there is no allegation that the
> secretarial staff have committed theft or forgery or any other
> fraud. There is no allegation in the Complaint that the hourly
> employees of Defendant are paid based on" fraud" or are part
> of any of the "fraudulent scheme."

(Doc. 81-1 at 20-21).

The Stroh Entities argue that the request is "vague" because they prepare the bills, invoices and claims submitted to Plaintiffs and consequently, no payments are "exchanged" with anyone else (Doc. 82 at 7). Assuming the Stroh Entities explanation of the facts is correct, this does not make the request vague.

Next, the Stroh Entities represent that they are not withholding any responsive documents because there are none (Id.)[1]. This is inconsistent with their admission that there are responsive payroll records which they contend are not relevant. "Relevancy is determined based on the 'tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action.' FED. R. EVID. 401". Hankinson v. R.T.G. Furniture Corp., No. 15-81139-civ-Cohn/Seltzer, 2016 WL 1182768, at *1 (S.D. Fla. Mar. 28, 2016) (quoting Garcia v. Padilla, No. 2:15-cv-735-FtM-29CM, 2016 WL 881143, at *2 (M.D. Fla. Mar. 8, 2016)). In discovery, "requiring relevance to a claim or defense 'signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings.'" Builders Flooring Connection, LLC v. Brown

---

[1] In their response to the motion to compel, the Stroh Defendants state: "Defendants are not withholding documents because there really could not be any." (Doc. 82 at 7).

- 3 -

Chambless Architects, No. 2:11-CV-373-MHT, 2014 WL 1765102, at *1 (M.D. Ala. May 1, 2014) (quoting GAP Report of Advisory Committee to 2000 amendments to Rule 26). "As the Advisory Committee Notes say, '[t]he Committee intends that the parties and the court focus on the actual claims and defenses involved in the action.'" Liese v. Indian River Cty. Hosp. Dist., 701 F.3d 334, 355 (11th Cir. 2012) (quoting the GAP Report). After reviewing the current record, the Court is not persuaded that the payroll records are relevant to the parties' claims and defenses. Accordingly, the Stroh entities' objection to production of the payroll records is **SUSTAINED**.

To eliminate ambiguity and ensure compliance with this request, the Stroh Entities shall, within fourteen days from the rendition of this Order either produce all documents with the exception of payroll records that are responsive to this request or certify to Plaintiffs in writing that, with the exception of the payroll records, there are no responsive documents.

Plaintiffs also asked the Stroh Entities to produce:

> All documents relating to or reflecting communications
> Between You and any person and/or entity responsible for or
> involved with the physical provision of the Glass Services.

The Stroh Entities responded:

> Defendant objects to this request as it is vague and overly
> broad. The use of "documents" in this request is not specific
> enough to advise Defendant of what category of documents it
> is actually seeking. Defendant objects that this request is not
> limited to a time or scope. Such request seeks information
> that is not relevant in that it is not reasonably calculated to
> lead to admissible evidence. As worded this request seeks
> every e-mail, letter, note, note regarding a conversation,
> invoice, every note about an invoice, every data entry, etc. in
> all twenty states where Defendant has operated covering
> every employee, contractor and licensee in those states about
> any topic, whether the communication was about dinner,
> medical treatment, personal issues, a person's spouse, *etc*.

- 4 -

(Doc. 81-1 at 22). Defendants believe that prior to the filing of the motion to compel, they reached an agreement with Plaintiffs which resolves their objections to this request (Doc. 82 at 10-11; Doc. 82-1). Based upon the email exchange provided by Defendants, it appears they may be correct. Now, the motion to compel this request is **DENIED without prejudice**. If necessary, Plaintiffs may renew their motion to compel this request.

Next, Plaintiffs asked the Stroh Entities to produce:

> All documents relating to or reflecting any payments exchanged between You and any person and/or entity responsible for or involved with the physical provision of the Glass Services.

The Stroh Entities' responded:

> Defendant objects to this request as it is vague and overly broad. The use of "documents" in this request is not specific enough to advise Defendant of what category of documents it is actually seeking. Defendant objects that this request is not limited to a time or scope. Such request seeks information that is not relevant in that it is not reasonably calculated to lead to admissible evidence. Defendant infers from the Complaint that the allegations in this lawsuit are limited to certain claims for repairs performed in Florida only. This request would include payments made to employees, contractors, and licensees in other states which are not a party to this litigation nor are those services a part of this litigation. Further, this request is not limited to payments related to the providing of glass repairs. As worded this request would require production of any check written to a licensee in Michigan for the reimbursement of mileage or lunch. This request seeks discovery regarding claims in all twenty states wherein Defendant has operated. Any payments made in the other states and in Florida which are not alleged to be part of the "fraudulent scheme" are not relevant to this litigation. Further, the licensees' compensation is not relevant to any issue in the present action. The amount of a licensee's or a licensee's employee's compensation is not relevant to any issue in this action.

(Doc. 81-1 at 22-23).

To the extent the Stroh Entities assertions that this request is "vague and overly

broad" are standalone objections they are "'meaningless, and are deemed without merit …." Siddiq v. Saudi Arabian Airlines Corp., No. 6:11-cv-69-Orl-19GJK, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011) (quoting Milinazzo v. State Farm Ins. Co., 247 F.R.D. 691, 695 (S.D. Fla. 2007)).

Plaintiffs included the following definition of "document" in their requests for production:

> any written, recorded or tangible graphic matter, or any other means of preserving thought, expression or communication, whether handwritten, typed, printed, electronically or otherwise created, including telephone slips and logs, diary entries, calendars, reports, correspondence, memoranda, notes, electronic mail, video tapes, video cartridges, audio tapes, electronic recordings of any kind, photographs, computer tapes, computer diskettes and disks, computer hard drives or servers, and any transcriptions and printouts in Your possession, custody or control.

(Doc. 82 at 8). The breadth of this definition does not render the request vague. Plaintiffs clearly seek all information, in whatever form, that reflects payments made to anyone involved in providing "Glass Services," which is defined as "any and all windshield repair and/or replacement services for which reimbursement was sought through the Stroh Entities." (Id.).

The Court agrees with the Stroh Entities that the scope of the request is overbroad. It is not limited to any particular time frame, geographic location, or insurance company. It also encompasses payroll and other payments that appear at this time to be disproportional to the needs of the case. Accordingly, the Stroh Entities' objections are **SUSTAINED in part**. Plaintiffs' complaint alleges that Defendants "fraudulent scheme" began in 2014 (Doc. 1, ¶ 52). Therefore, the request is limited to payments made between January 1, 2014 and the present for windshield services provided, or allegedly provided, in

the state of Florida. The request is further limited to payments made in connection with windshield services rendered or allegedly provided to Plaintiffs' insureds. With these limitations, the Stroh Entities shall produce the requested information to Plaintiffs within fourteen days from the rendition of this Order.

Lastly, Plaintiffs asked Defendants Gregory Bechtold and GDB Industries, Inc. (the "Field Defendants") to produce:

> All documents relating to communications between You and an automobile dealership at which the Glass Services were purportedly performed, including any representatives, employees, or agents thereof.

The Field Defendants responded:

> Defendant objects to this request as such is overbroad and vague in that the request is not seeking a particular class of documents, nor is it limited to any particular scope or time frame. As worded, the request would necessarily include such things as sales flyers or promotional materials that Defendants received in the mail from the dealerships. By the use of the terms "all documents relating to" Defendant is unable to determine what types of documents are being requested.
>
> Further, Defendant objects to this request to the extent such request would include information that is not relevant nor likely to lead to any admissible evidence because this request is not limited to issues involved in the litigation. For example, this request would require production of e-mails or text messages concerning the location for happy hour after work between the Defendant's representatives and the dealerships representatives.
>
> Defendant will produce all e-mails, letters, memorandum exchanged between the dealership and Defendant concerning a GEICO insured or any allegation made by a customer of fraudulent conduct against Defendant.

(Doc. 81-1 at 85).

The Field Defendants objections that this request is overbroad and vague because it does not particularize the "class of documents" sought is **OVERRULED**. The Field

Defendants' scope objections are **SUSTAINED** in part. This request is limited to communications with dealerships located in the state of Florida that occurred between January 1, 2014 and the present. The breadth of documents requested is also disproportional to the needs of the case. The Fields Defendants shall produce documents which reflect: (1) the terms, if any, of their business relationships with the Florida dealerships; (2) documents which reflect payments made to or received from the Florida dealerships; (3) communications which concern complaints made to the Florida dealerships about the Fields Defendants' activities; (4) complaints made by the Florida dealerships about the Fields Defendants' activities; (5) compliments made to the Florida dealerships about the Fields Defendants' activities; (6) compliments made by the Florida dealerships about the Fields Defendants' activities; and (7) documents exchanged between the Florida dealerships and the Fields Defendants concerning anyone insured by Plaintiffs or any allegation made by a customer of fraudulent conduct against any of the Fields Defendants. The Fields Defendants shall make this production within fourteen days from the rendition of this Order.

      **DONE** and **ORDERED** in Orlando, Florida on July 7, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties